UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORACIO CANDIA,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br><br>Defendant. | Case No. 13-cv-04211-RS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

## I. INTRODUCTION

Plaintiff Horacio Candia filed an application for supplemental social security income ("SSI") in 2009, alleging disability dating back to 1999. After the application was denied initially and on reconsideration, an Administrative Law Judge conducted hearings and ultimately issued a decision partially favorable to Candia. The ALJ found that as of January 11, 2011, the severity of Candia's mental impairments met the applicable criteria to constitute disability. That decision became final when the Appeals Council declined review. Candia now seeks judicial review of the decision, contending he should have been found disabled as of the date of his application in 2009, rather than only as of 2011. The parties have filed cross-motions for summary judgment. As Candia has shown no error in the ALJ's decision, his motion will be denied, and defendant's motion will be granted.

## II.  BACKGROUND

The Social Security Administration (SSA) initially denied Candia's application for SSI disability benefits under title XVI of the Social Security Act.  Administrative Record (A.R.) 236, 238-42.  Candia subsequently requested and received a hearing before an ALJ, before whom he testified.  *Id*. at 182, 248, 263.  As noted above, the ALJ administered a partially favorable decision.  *Id*. at 33.  Although Candia applied for disability benefits on February 25, 2009, the ALJ held that he was not disabled under the Social Security Act until January 11, 2011.  *Id*. at 32-33

The ALJ found Candia has not engaged in substantial gainful activity since filing his SSI application and suffers from diabetes mellitus, migraine headaches, right shoulder pain, low back pain, skin lesions, affective disorder, anxiety disorder, malingering, personality disorder, and alcohol abuse.  *Id*. at 22.  The ALJ determined, however, prior to January 11, 2011, Candia did not have an impairment or combination thereof that met or medically equaled one of the impairments required by federal regulation for a finding of disability.  *Id*.

The ALJ concluded that, prior to January 11, 2011, Candia had the residual functional capacity (RFC) to perform light work, subject to several modifications.  *Id*. at 24 (citing 20 C.F.R. 416.967(b) defining "light work" as jobs requiring lifting up to 20 pounds, carrying up to 10 pounds, a good deal of walking or standing, or pushing and pulling while sitting).  Specifically, the ALJ determined Candia could sit, stand, or walk for six hours of an eight-hour workday; could occasionally reach, push, and pull with his right (major) upper extremity; could climb stairs; could never climb ladders or crawl; could stoop, crouch, and kneel; could perform no work at unprotected heights; could perform no work involving confrontation, arbitration, or supervision of others; could perform no work requiring responsibility for the health, safety, and welfare of other employees; could perform no assembly line or piecemeal type work; and was limited to superficial interaction with the public, co-workers, and supervisors.  *Id*. at 24.  In reaching this decision, the ALJ considered medical opinion evidence, objective medical evidence, Candia's own testimony (found credible in part), and his conservative course of treatment.  *Id*. at 30.

After finding Candia unable to perform any past relevant work, the ALJ weighed the testimony of a vocational expert about whether jobs existed in the national economy for an

1  individual of Candia's age, education, work experience, and RFC. *Id*. at 31. The vocational
2  expert testified Candia would be able to perform the requirements of representative occupations
3  including laundry sorter, mail clerk, or ticketer, with an estimated total of 179,000 jobs in
4  California and 1,619,000 jobs in the nation. *Id*. The ALJ consequently determined Candia to be
5  "not disabled" prior to January 11, 2011, based on the testimony of the vocational expert, finding
6  him capable of making a successful adjustment to other work that exists in significant numbers in
7  the national economy. *Id*. As noted, the ALJ's ruling became the final decision of the
8  Commissioner of Social Security when the Appeals Council denied Candia's request for review.
9  *Id*. at 1. This appeal followed.

## III. LEGAL STANDARD

### A. *Standard for Reviewing the Commissioner's Decision*

Section 405(g) of the United States Code, chapter 42, establishes the standard of review of the Social Security Commissioner's decision to deny benefits. The Commissioner's finding may be reversed if it is not supported by substantial evidence, or if it is based on legal error. See *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). In this context, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id*. It requires more than a scintilla, but less than a preponderance of evidence. *Id*. To determine whether substantial evidence supports the Commissioner's decision, the Court reviews the administrative record as a whole, considering adverse as well as supporting evidence. *Id*. See also *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1992).

### B. *Standard for Determining Disability*

A person is "disabled" for purposes of receiving Social Security benefits if he or she is unable to engage in a substantially gainful activity due to a physical or mental impairment that has lasted for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). Social Security disability cases are evaluated under a five-step test. 20 C.F.R. §§ 404.1520(a)(4),

416.920(a)(4). In the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is not so engaged, the second step requires the ALJ to determine whether the claimant has a "severe" impairment which significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. § 416.920 (a)(4)(ii). If the ALJ concludes the claimant does not have a "severe" impairment, the claimant is not "disabled" and the claim must be denied. *Id.* If the claimant does have a "severe" impairment, the third step requires the ALJ to determine whether the impairment meets or equals the criteria of an impairment listed in the relevant regulation. 20 CFR Part 404, subpart P, Appendix 1; 20 CFR § 404.1520(a)(4)(iii). In the fourth step, the Commissioner must determine whether the claimant has sufficient "residual functional capacity" to perform his or her past work. 20 CFR § 404.1520(a)(4)(iv). If so, the claimant is not "disabled" and the claim must be denied. *Id*. The claimant has the burden of proving that he or she is unable to perform past relevant work. *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992). If the claimant meets this burden, he or she has presented a prima facie case of disability. *Id*. In the fifth step of the analysis, the burden shifts to the Commissioner to establish that the claimant can perform other substantial gainful work. 20 CFR § 404.1520(a)(4)(v). Otherwise, the claimant will be found disabled. *Id*.

## IV. DISCUSSION

Here, the ALJ found Candia to be disabled as of January 11, 2011. That Candia is entitled to SSI from that date forward is not subject to review in this proceeding. The only question is whether the ALJ erred in concluding Candia was not disabled prior to that date.

The primary thrust of Candia's argument is a contention that the ALJ was biased against him. In support, Candia points to questions the ALJ asked regarding certain criminal proceedings that were pending against Candia at the time of the hearings. Candia insists those questions were "inflammatory," "inappropriate," and "impertinent."

Candia's arguments are insufficient to establish that the ALJ was biased or prejudged the matter. "ALJs are presumed to be unbiased." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d

1   685, 690 (9th Cir. 2009) (citation omitted).  A claimant can rebut this presumption "by a showing
2   of conflict of interest or some other specific reason for disqualification . . . . But expressions of
3   impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what
4   imperfect men and women sometimes display[,] do not establish bias." *Id*. at 690 (quoting *Rollins*
5   *v. Massanari*, 261 F.3d 853, 857-58 (9th Cir.2001) (alterations in original).   Furthermore, "to
6   show bias, a plaintiff is "required to show that the ALJ's behavior, in the context of the whole
7   case, was so extreme as to display clear inability to render fair judgment." *Rollins v. Massanari*,
8   261 F.3d 853, 858 (9th Cir. 2001) (citing *Liteky v. United States*, 510 U.S. 540, 555-56
9   (1994)(internal quotations omitted).

10          The ALJ was entitled to inquire about indications in the record of criminal proceedings
11   involving Candia. *See Nicklas v. Halter*, 2001 WL 49461, *5 (N.D. Cal. 2001) ("A criminal record
12   is relevant to a determination of credibility it if involves crimes of dishonesty"); *Albidrez v.*
13   *Astrue*, 2007 WLv2332208 (C.D. Cal. 2007) (ALJ properly considered felony crimes of moral
14   turpitude); *see also McNeil v. Apfel*, 34 F. Supp. 2d 1255, 1261 (D. Ore. 1998) (involvement with
15   drugs and criminal activity relevant even though in distant past).  Doing so does not reflect bias,
16   much less establish "extreme behavior" displaying a "clear inability to render fair judgment."

17          The ALJs' written decision reflects a careful consideration and balancing of the evidence.
18   In numerous instances the ALJ chose not to credit evidence that might have even supported a
19   determination that Candia was not disabled as of, or after, 2011.  *See*, *e.g.*, A.R. 28 ("The State
20   agency physical consultant's assessment . . .  is given little weight . . . ."); AR 27 ("Dr. Raulston's
21   opinion is given some weight, but I find that the evidence of record support a more restrictive
22   functional capacity.")  The suggestion that the ALJ was improperly biased against Candia is belied
23   by the decision itself.  Although Candia may believe the ALJ mischaracterized or misunderstood
24   certain factual details, and/or that a more correct decision would have awarded him benefits dating
25   to the date of his application, there are no grounds to overturn the decision for bias or prejudice.

26          In a related argument, Candia contends that the medical and vocational experts may have
27   been listening by telephone at the time the ALJ posed the questions to Candia regarding criminal
28

matters, and therefore could have been improperly influenced. Even assuming the experts heard the ALJ's questions, however, there is no basis to assume it infected their testimony, or the ultimate decision. Again, the written decision of the ALJ does not reflect prejudice or bias against him.

Finally, Candia contends that the ALJ's selection of January 11, 2011 as the date on which he became disabled is arbitrary. Although it is not entirely clear why that specific day was selected, Candia has shown no prejudicial error. The ALJ based the finding on the opinion of Candia's treating psychologist, Donald E. Tarver, M.D., (Tr. 32). Dr. Tarver first saw Plaintiff in March of 2011 (Tr. 1128-1130). In August of 2011, Dr. Tarver opined Plaintiff had marked limitations in 2 areas in "paragraph B' of section 12.04 (Tr. 1149-50). The ALJ observed also that Candia satisfied the "paragraph A" criteria of section 12.04 because he had social isolation, sleep disturbance, anhendonia, psychomotor retardation, feelings of hopelessness, decreased energy, and appetite disturbance with weight gain (Tr. 1149).

The ALJ therefore concluded that as of January 11, 2011, the severity of Candia's impairments met the requirements of section 12.04 of the listings. The ALJ also explained that Dr. Tarver's opinion could not be given weight prior to the established disability onset date because he did not have any contact with Plaintiff prior to March 2011, and thus would have had no basis upon which to formulate any functional limitations prior to that time.

In short, the ALJ weighed the evidence appropriately, and gave Candia the benefit of the doubt in numerous instances. Candia has failed to show that the decision should be overturned for bias or on any other grounds.

## V. CONCLUSION

Plaintiff's motion for summary judgment is denied. Defendant's motion is granted. The determination of the SSA is upheld. A separate judgment will issue.

**IT IS SO ORDERED**.

Dated: May 25, 2016

RICHARD SEEBORG
United States District Judge